**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>              Plaintiff,<br><br>v.<br><br><br><br>CHASE BANK, et al.,<br><br>              Defendants. | Case No. 1:25-cv-00330-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION**<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk to Assign District Judge</u> |

## I. INTRODUCTION

### A. Background

On March 18, 2025, Plaintiff Candace Smith, proceeding *pro se* and *in forma pauperis*, filed a civil action. (Doc. 1.)

Plaintiff's complaint is now before the Court for screening. The undersigned finds that Plaintiff has not stated a cognizable claim or a basis for federal jurisdiction and will recommend that this action be dismissed without prejudice and without leave to amend for failure to state a claim upon which relief may be granted and lack of jurisdiction.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be

1  granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

2  § 1915(e)(2).  If the Court determines that a complaint fails to state a claim, leave to amend may

3  be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez*

4  *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

5          The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the

6  following standards.  A complaint may be dismissed as a matter of law for failure to state a claim

7  for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable

8  legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A

9  plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give

10 each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.

11 *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*,

12 932 F.2d 795, 798 (9th Cir. 1991).

13 **C.     Summary of the Complaint**

14         Plaintiff prepared her complaint using the general complaint form provided by this Court.

15 The complaint lists the following defendants: Chase Bank, Wells Fargo, Bank of America,

16 Experian, "transunion," and "Eqifax." (Doc. 1 at 3.)  In the section titled "Basis for Jurisdiction,"

17 "Federal question" is selected.  (*Id*. at 3.)  Plaintiff states that the basis for federal question

18 jurisdiction is "Intentional setups by corrupt group" and "vilotion [*sic*] of civil rights and stolen

19 legacy." (*Id*. at 4.)

20         Plaintiff states that she and Defendant Chase Bank are citizens of California in the section

21 titled "If the Basis for Jurisdiction is Diversity of Citizenship."  (*Id*. at 4.)  The "Amount in

22 Controversy" is listed as "undisclosed money return stolen & setup inconveniences."  (*Id*. at 5.)

23         The "Statement of Claim" section of the complaint reads:

24    Vilation [*sic*] of banking laws and cival [*sic*] rights.  Terrible Racteering [*sic*]
      Influence Group.  Stolen date information & setups.  Group connected to Urber
25    [*sic*] eats.  Drugging, attempted rape corrinated [*sic*] activities based on card
      usage.  Access criminals to personal data & card usage whereabouts data breach,
26    invasian [*sic*], stalking, harassments, & attempted murders.

27    Shut down accounts purposely after drugging in hotels w/o Friends and mishaps.

28    Is w/c corrupt influenced groups.

(Doc. 1 at 5.)  As for the relief sought, Plaintiff writes, "punitives exemplary damages undisclosed amount."  (*Id.* at 6.)

The Civil Cover Sheet lists the nature of suit as "Racketeer Influenced and Corrupt Organizations," and the cause of action is described as "corrupt group terrorists attack & robberys [*sic*]" and "vilation [*sic*] of civil rights ." (Doc. 1-1.)

## II.    DISCUSSION

### A.    Plaintiff's Complaint Does Not Comply with Rule 8(a)

Federal Rule of Civil Procedure 8(a)'s "simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* litigants liberally and affords them the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

1    marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

2    sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

3    liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

4         Here, Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff sets

5    forth no facts in her complaint to support her allegations, exclusively relying on conclusory

6    statements, and it is unclear what Plaintiff is alleging and against whom. Accordingly, the Court

7    finds that Plaintiff's complaint fails to comply with Rule 8(a).

8    **B.     Plaintiff Has Not Pleaded Any Cognizable Basis for Federal Court Jurisdiction**

9         **1.     Legal Standard**

10        Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

11   that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts

12   are presumptively without jurisdiction over civil actions, and the burden to establish the contrary

13   rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

14   (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction

15   and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

16        Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over

17   "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case

18   'arises under' federal law either where federal law creates the cause of action or 'where the

19   vindication of a right under state law necessarily turn[s] on some construction of federal law.'"

20   *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting

21   *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The

22   presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint

23   rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal

24   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

25   pleaded complaint." *Id.*

26        Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil

27   actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

28   and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and

4

citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

This Court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear their claim(s). *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

**2.    Analysis**

To the extent Plaintiff attempts to allege this Court has federal question jurisdiction, Plaintiff fails to specify a federal statute or constitutional doctrine that gives rise to her claims. Plaintiff seeks to assert a claim for "violation of banking laws and civil rights" (Doc. 1 at 5; Doc. 1-1) but does not identify what laws or rights have been allegedly violated (and by whom). Further, 42 U.S.C. § 1983 ("Section 1983") is the "mechanism for plaintiffs to vindicate their federal civil rights through federal law." *Hogan v. Robinson*, No. CIV-F-03-6408-AWI-LJO, 2005 WL 8176432, at *8 (E.D. Cal. Jan. 31, 2005). To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing the "under color of state law" requirement).

Regarding the first element, private parties are not generally acting under color of state law for the purposes of Section 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.")

1    (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 936–37 (1982)).  There exist, however, some

2    circumstances in which the actions of a private actor may render that actor liable under section

3    1983.  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (*en banc*).

4    Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal

5    right [was] fairly attributable to the State."  *Lugar*, 457 U.S. at 937.  Here, the named defendants

6    are all private parties, and Plaintiff fails to allege facts to support a finding that they have acted

7    such that their conduct is "fairly attributable" to the government.  Accordingly, Plaintiff has failed

8    to state a cognizable Section 1983 claim.

9        To the extent Plaintiff attempts to bring a claim for "attempted murder" or "robbery" (Doc.

10    1 at 5; Doc. 1-1), "such criminal claims may not be pursued in a civil lawsuit."  *Grimes v. A1-Auto*

11    *Care*, No. 21-cv-02093-LL-BLM, 2022 WL 959273, at *3 (S.D. Cal. Mar. 30, 2022).  *See United*

12    *States v. Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("If the prosecutor has probable cause to believe

13    a defendant committed a crime, the decision of whether to prosecute and the charges to be filed

14    rests with the prosecutor.").  If Plaintiff intends to pursue a Racketeering Influenced and Corrupt

15    Organizations (RICO) cause of action against any defendant (Doc. 1-1), she fails to include any

16    factual support for such a claim.[1]  Plaintiff does not allege which prohibited activities she is

17    contending were violated by the acts alleged in the complaint.  Nor does the complaint allege a

18    pattern of racketeering activity by any defendant.  In sum, Plaintiff has not articulated any

19    cognizable federal claim over which this Court may assert federal question jurisdiction under 28

20    U.S.C. § 1331.

21        Although not alleged as a basis for jurisdiction in the complaint, the undersigned further

22    determines whether there is complete diversity between the parties to invoke jurisdiction to hear

23    any state law claims.  Plaintiff pleads in her complaint that both she and Chase Bank are citizens

24    of California.  (*See* Doc. 1 at 4.)  Since Plaintiff alleges that both she and at least one defendant are

25    citizens of California, the parties are not diverse, and diversity jurisdiction under 28 U.S.C. § 1332

26    does not exist in this action.  *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-

27

28    _____
[1] To state a civil RICO claim, a plaintiff must sufficiently allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property."  *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010).

1   01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7

2   U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)).

3       Because Plaintiff has not established the Court's subject matter jurisdiction on diversity or

4   federal question grounds, this Court does not have subject matter jurisdiction over this action.

5   **C.    Leave to Amend Would Be Futile**

6       When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be

7   granted unless the district court determines that the pleading could not possibly be cured by the

8   allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal

9   quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  If it is clear after

10  careful consideration that a complaint cannot be cured by amendment, the court may dismiss

11  without leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also*

12  *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129

13  ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

14      The undersigned concludes that granting Plaintiff leave to amend in this action would be

15  futile considering Plaintiff's extensive history of deficient filings and repeated admonitions from

16  the Court.  Indeed, from a review of the Court's electronic filing system it appears that, within the

17  twelve-month period immediately preceding the filing of the current complaint, Plaintiff has filed

18  16 cases in this District.[2]  Of these cases, 9 have been screened by this heavily impacted Court and

19  have advised Plaintiff of the same pleading requirements repeated in this order:

20          • *Smith v. Davis*, No. 1:24-cv-00476-JLT-EPG (filed April 22, 2024; dismissed

21              January 7, 2025, for lack of subject matter jurisdiction);

22          • *Smith v. Ayodale,* No. 1:24-cv-00538-JLT-BAM (filed May 6, 2024; dismissed

23              August 8, 2024, for lack of subject matter jurisdiction);

24          • *Smith v. Chick-Fil-A*, No. 1:24-cv-00814-JLT-BAM (filed July 15, 2024; dismissed

25              November 27, 2024, for failure to state a claim upon which relief can be granted

26              and for failure to comply with Court's orders);

27  ─────────────

28  [2] Judicial notice may be taken of court records.  *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. Jan. 30, 2015) ("It is well established that a court may take judicial notice of its own files and records . . .").

- *Smith v. Ayodele*, Case No. 24-cv-01100-JLT-SKO, filed September 6, 2024; dismissed December 23, 2024, for lack of subject matter jurisdiction);

- *Smith v. Dyer*, No. 1:24-cv-01288-JLT-EPG (filed October 22, 2024; dismissed January 8, 2025, for failure to comply with Rule 8 and for lack of subject matter jurisdiction);

- *Smith v. University Inn Hotel*, Case No. 24-cv-01316-KES-EPG (filed October 28, 2024; dismissed February 3, 2025, for failure to comply with Rule 8 and lack of subject matter jurisdiction);

- *Smith v. Chick-Fil-A*, No. 1:24-cv-01471-JLT-HBK (filed December 4, 2024; dismissed March 6, 2025, for lack of subject matter jurisdiction);

- *Smith v. George Brown Fitness*, No. 1:24-cv-01561-JLT-SAB (filed December 18, 2024; dismissed February 14, 2025, for lack of subject matter jurisdiction); and

- *Smith v. Spicy Mayo Restaurant*, Case No. 25-cv-00159-KES-HBK, filed February 7, 2025; pending dismissal for failure to comply with Rule 8 and lack of subject matter jurisdiction).

At this juncture, Plaintiff has been made aware repeatedly that her complaint must contain sufficient facts showing she is entitled to relief, that each defendant's involvement must be sufficiently alleged, and that Plaintiff must establish that this Court has subject matter jurisdiction over the action.

The Court finds that amendment of the complaint would be futile because Plaintiff fails to specify a federal statute or constitutional doctrine that gives rise to her claims and Plaintiff and all defendants do not have diverse citizenship, based on the complaint.   Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

### III.        CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend.   The Clerk of Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days after being served with these Findings and Recommendation**, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 31, 2025**                              */s/ Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

9