UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CHASE BANK, et al.,<br><br>    Defendants. | Case No.: 1:25-cv-0330 JLT SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 4) |

      Candace Smith seeks to hold several financial institutions—including Chase Bank, Wells Fargo, Bank of America, and Golden I Credit Union—as well as credit reporting companies liable for violations of her civil rights and a "stolen legacy." (Doc. 1 at 1, 4.) Because Plaintiff is proceeding *in forma pauperis,* the magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4.)

      The magistrate judge observed that Plaintiff indicated the basis of the Court's jurisdiction was "federal question," including "[i]ntentional setups by corrupt group," violation of her "civil rights" and "stolen legacy." (Doc. 4 at 2, citing Doc. 1 at 4.) The magistrate judge found Plaintiff's complaint did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiff relied "on conclusory statements." (*Id.* at 3-4.) In addition, the magistrate judge determined that Plaintiff did not plead "any cognizable basis for federal Court jurisdiction." (*Id.* at 4, emphasis omitted.) The magistrate judge explained Plaintiff did not "specify a federal statute or constitutional

doctrine that gives rise to her claims." (*Id.* at 5.)  Further, the magistrate judge found that to the extent Plaintiff sought to hold the defendants liable for violations of her civil rights, there was nothing to support a conclusion the private parties were acting under color of state law.  (*Id.* at 5-6.)  To the extent Plaintiff's complaint could be construed to include a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, the magistrate judge found no allegations to support such a claim. (*Id.* at 6.)  Finally, the magistrate judge found there was not complete diversity amongst the parties, such that this Court's diversity jurisdiction could be invoked.  (*Id.* at 6-7.)  Because Plaintiff has repeatedly been advised of the pleading and jurisdictional requirements and failed to satisfy the pleading obligations, the magistrate judge found leave to amend would be futile. (*Id.* at 7-8.)  Therefore, the magistrate judge recommended the Court dismiss the complaint without prejudice and without leave to amend. (*Id.* at 8.)

The Court served the Findings and Recommendations on Plaintiff and notified her that any objections were due within 21 days.  (Doc. 4 at 9.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Although the Court served Plaintiff at the only address on record, the U.S. Postal Service returned the document marked "Undeliverable, Return to Sender, Unable to Forward" on April 22, 2025.  Nevertheless, the service upon Plaintiff is deemed fully effective.  *See* Local Rule 182(f) ("Each ... pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number… . Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated March 31, 2025 (Doc. 4) are **ADOPTED** in full.
2. Plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction.

///

3. Leave to amend is **DENIED** as futile.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 7, 2025**

UNITED STATES DISTRICT JUDGE

3